### In re NISSAN MOTOR CORP. ANTI-TRUST LITIGATION.

*Ingram, et al. v. Nissan Motor Co., Ltd., et al.,* N.D. Cal., Civil Action No. C-74-0874-SW.

*Jackson, etc. v. Nissan Motor Co., Ltd., et al.,* N.D. Illinois, Civil Action No. 74 C 1478.

*Sanderson (formerly Replin), et al. v. Nissan Motor Co., Ltd., et al.,* D. Colo., Civil Action No. 74-354.

*Kleinman v. Nissan Motor Co., et al.,* D. Connecticut, Civil Action No. H74-131.

*Hitt v. Nissan Motor Co., Ltd., et al.,* E.D. Missouri, Civil Action No. 74-228 C(1).

*Supreme Title Co. v. Nissan Motor Co., Ltd., et al.,* D. New Jersey, Civil Action No. 74-605.

*Novak, et al. v. Nissan Motor Co., Ltd., et al.,* D. New Mexico, Civil Action No. 74-212.

*Eakles v. Nissan Motor Co., Ltd., et al.,* N.D. Texas, Civil Action No. 4-74-112.

*Cynthia Riley, et al. v. Nissan Motor Co., Ltd., et al.,* E.D. Louisiana, Civil Action No. 74-2009.

### No. 120.

Judicial Panel on Multidistrict Litigation.

Dec. 10, 1974.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *, and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

I.   *Background of the Litigation*

In June of 1972, the United States commenced an action for injunctive re-

---

* Judge Lord was unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

lief under the federal antitrust laws in the Northern District of California against Nissan Motor Corporation in U.S.A. Nissan dealers throughout the country were named as co-conspirators but not as defendants. The United States alleged that defendant Nissan U.S.A. and its dealers engaged in an unlawful conspiracy to fix prices and to restrict territories and customer selection in the sale of Datsun automobiles. The action was terminated by a consent decree entered in February of the following year.

Two actions tracking the allegations in the Government complaint were filed in the interim, one in the Southern District of New York and the other in the Southern District of Florida. Both were filed on behalf of all nationwide purchasers of Datsun automobiles against Nissan U.S.A. only. Nissan Motor Company, Ltd., the Japanese parent company of Nissan U.S.A., was later added as a defendant in the Florida action. Shortly before the Government action ended, on the motion of Nissan U.S.A. and without strong opposition from either named plaintiff, the Panel transferred the New York action to the Southern District of Florida, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings before the Honorable C. Clyde Atkins with the action already pending there. In re Nissan Motor Corp. Antitrust Litigation, 352 F.Supp. 960 (Jud.Pan.Mult.Lit.1973). Judge Atkins has since issued an order limiting the class to persons who purchased Datsun automobiles in Nassau County, New York, or Dade County, Florida.

The nine above-captioned actions were recently filed in nine different districts in nine different states. Nissan U.S.A. and Nissan Japan are defendants in all nine actions. Also named as defendants are 291 Datsun dealers, none of which are named as a defendant in more than one action. All nine complaints are virtually identical to the complaints in the Government action and the two previously transferred actions, and contain allegations that Nissan Japan, Nissan U.S. A. and the Nissan dealers engaged in a nationwide conspiracy which violated the antitrust laws. Plaintiffs in each action purport to represent a class of persons who purchased a new Datsun motor vehicle from a Nissan dealer located in the state in which the action was filed.

The Panel ordered the parties to show cause why the above-captioned actions should not be transferred to the Southern District of Florida for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district. 28 U.S.C. § 1407(c)(i). Defendant Nissan U.S.A. and all dealer-defendants oppose transfer to Florida. We find that these actions raise questions of fact common to the actions previously transferred to the Southern District of Florida and that their transfer to that district for coordinated or consolidated pretrial proceedings under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

## II. *Defendants' Arguments in Opposition to Transfer*

Defendants argue that the character of this litigation has dramatically changed since the Panel first considered this matter and, as a result, the Panel's reasons for ordering Section 1407 treatment of the two previous actions are no longer applicable. They point out that in the earlier actions there was only a single defendant and it was common to both actions, whereas in the recently filed actions there are two defendants common to all actions and close to 300 additional dealer-defendants, each of which is involved in merely one action. In addition, defendants contend that there is no longer a danger of overlapping class determinations because plaintiffs in each of the new actions purport to represent a geographically distinct

class and each of these purported classes is also geographically distinct from the class previously defined by the transferee court.

Defendants concede that the complaints in all actions contain allegations of a nationwide conspiracy and that there is a possibility of overlapping discovery concerning the two common defendants, Nissan U.S.A. and Nissan Japan. Nevertheless, they argue that these actions are predominantly local in nature and involve predominantly local discovery. They assert that proof of the existence of the alleged conspiracy and proof of the alleged harm will focus on each plaintiff's and each dealer-defendant's experience and on the competitive conditions in each local market. Defendants also argue that the local, individualized nature of this litigation would make transfer extremely inconvenient to nearly all of the many parties and witnesses and would thwart the just and efficient conduct of the litigation. Moreover, many of the dealer-defendants argue that their businesses are very small and that transfer would impose a devastating financial burden upon them.

## III. *Reasons for Transfer of These Tag-Along Actions*

We reject defendants' concept of this litigation as predominantly local and individualized. Like the actions in the transferee district, all the new actions are based on the alleged existence of the same nationwide conspiracy among Nissan U.S.A., its Japanese parent and their American dealers to maintain the price of Datsun automobiles at artificially high levels through various nationwide devices. It necessarily follows that the discovery concerning this alleged conspiracy will involve factual issues common to all actions in this litigation and that Section 1407 treatment will prevent needless duplication and promote the just and efficient conduct of this entire matter. If any unique factual issues do exist, however, the transferee judge has

considerable latitude to allow discovery concerning those issues to proceed concurrently with the discovery on the common factual issues.

While we recognize that the purported classes in the tag-along actions and the previously defined classes in the actions in the transferee district are geographically distinct, Section 1407 proceedings will have the salutary effect of ensuring consistent application of Rule 23. And although defendants urge that the changed character of this litigation militates against coordinated or consolidated pretrial proceedings, the fact that there are now twelve actions in this litigation simply strengthens the case for transfer.

Defendants' concern about the possibility of Section 1407 proceedings causing unnecessary inconvenience and additional expense to the dealer-defendants and their witnesses is unwarranted. Since a Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e. g.*, Fed. R.Civ.P. 45(d)(2). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. *See* Manual for Complex Litigation, Part I, Sections 1.90–1.93 (rev.ed.1973). And it is most logical to assume that prudent counsel will combine their forces and apportion the workload. In short, one of the purposes of coordinated or consolidated pretrial proceedings is to streamline the efforts of the parties and witnesses, their counsel and the judiciary in order to effectuate an overall savings of costs and a minimum of inconvenience to all concerned.

## IV. *Retention of the Transferee District*

Although several defendants have suggested various other districts as the transferee forum for this litigation, we find that the Southern District of

Florida is still the most appropriate transferee district. Pretrial proceedings are moving well there and Judge Atkins has developed a thorough grasp of the factual issues, which will enable him to supervise this entire litigation toward a just and expeditious conclusion.

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, all actions listed on the attached Schedule A be, and the same hereby are, transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable C. Clyde Atkins for co-ordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.

### SCHEDULE A

**Northern District of California**

Ingram, et al. v. Nissan Motor Co., Ltd., et al. — Civil Action No. C–74–0874–SW

**District of Colorado**

Sanderson (formerly Replin), et al. v. Nissan Motor Co., Ltd., et al. — Civil Action No. 74–354

**District of Connecticut**

Kleinman v. Nissan Motor Co., et al. — Civil Action No. H74–131

**Northern District of Illinois**

Jackson, etc. v. Nissan Motor Co., Ltd., et al. — Civil Action No. 74 C 1478

**Eastern District of Louisiana**

Cynthia Riley, et al. v. Nissan Motor Co., Ltd., et al. — Civil Action No. 74–2009

**Eastern District of Missouri**

Hitt v. Nissan Motor Co., Ltd., et al. — Civil Action No. 74–228 C(1)

**District of New Jersey**

Supreme Title Co. v. Nissan Motor Co., Ltd., et al. — Civil Action No. 74–605

**District of New Mexico**

Novak, et al. v. Nissan Motor Co., Ltd., et al. — Civil Action No. 74–212

**Northern District of Texas**

Eakles v. Nissan Motor Co., Ltd., et al. — Civil Action No. 4–74–112