**In re BALDWIN–UNITED CORPORATION LITIGATION.**

No. 581.

Judicial Panel on Multidistrict Litigation.

Feb. 27, 1984.

Before ANDREW A. CAFFREY, Chairman, and ROBERT H. SCHNACKE, FRED DAUGHERTY, SAM C. POINTER, JR.,* S. HUGH DILLIN, MILTON POLLACK,* and LOUIS H. POLLAK, Judges of the Panel.

TRANSFER ORDER

PER CURIAM.

This litigation presently consists of 40 actions pending in eight federal districts as follows:

ally, Judge Sam C. Pointer, Jr., took no part in the decision of this matter.

| | |
|---|---|
| Southern District of New York | 23 actions |
| Northern District of Illinois | 8 actions |
| Western District of Pennsylvania | 3 actions |
| Eastern District of Tennessee | 2 actions |
| Southern District of Florida | 1 action |
| District of Maine | 1 action |
| District of Minnesota | 1 action |
| District of New Hampshire | 1 action |

Now before the Panel is a motion by parties that are defendants in 38 of the 40 actions to centralize all actions in the Southern District of New York for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.[1] The plaintiffs in the two Tennessee actions oppose transfer of their actions. All other responding parties to the actions now before the Panel, including the defendant in one other action, plaintiffs in 34 actions, and the Arkansas and Indiana commissioners of insurance (who are the court-appointed rehabilitators of six insurance companies involved in this litigation), either support or do not oppose centralization in the Southern District of New York. Lastly, plaintiffs in a potential tag-along action in the Southern District of Ohio have filed an interested party brief in which they do not oppose centralization but urge selection of the Southern District of Ohio as transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization under Section 1407 in the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All the actions before the Panel are brought by one or more persons who purchased through broker dealers identical or substantially similar annuities issued by insurance companies controlled by Baldwin-United Corporation. The plaintiffs in the actions, many of which are brought as class actions, allege fraud and/or violation of federal and state securities laws in connection with the sale of the annuities. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The Tennessee plaintiffs, in opposing transfer, argue that their actions do not involve sufficiently common questions of fact with the other actions in this docket. There is no merit in this contention. The Tennessee actions share allegations with other actions in this docket that the type of annuities purchased by plaintiffs were actually securities that had not been registered as required by federal and state securities law, and that the defendant broker dealer (which is also named in twelve other actions) breached fiduciary duties, distributed false and misleading sales material, and had knowledge but failed to disclose material adverse information concerning Baldwin-United and its insurance subsidiaries. The Tennessee plaintiffs' main concern appears to be that they would be burdened by costs and delays associated with Section 1407 transfer. This fear is unwarranted. Transfer under Section 1407 will have the salutary effect of placing the Baldwin-United actions before a single judge who will be in the best position to determine the manner and extent of coordination or consolidation of the pretrial proceedings for the optimum conduct of all actions in the litigation. *See In re A.H. Robins, Inc. "Dalkon Shield" IUD Products Liability Litigation,* 406 F.Supp. 540, 542 (J.P.M.L.1975). Since a Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.,* Fed.R.Civ.P. 45(d)(2). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the

---

**1.** The motion for Section 1407 transfer in this docket included five actions pending in the Northern District of Alabama and the Central District of California that have subsequently been dismissed. Accordingly, consideration of transfer with respect to those actions is moot. Various parties have also notified the Panel of the pendency of related actions that were not included on the schedule of actions accompanying the Section 1407 motion in this docket and were brought to the Panel's attention too late to be included in the hearing held on January 26, 1984. In accordance with Rules 9 and 10, R.P.J. P.M.L., 89 F.R.D. 273, 278–80 (1981), these actions will be treated as potential tag-along actions.

need for most counsel ever to travel to the transferee district. *See Manual for Complex Litigation,* Part I, §§ 1.90–1.93 (rev. ed. 1981). And it is most logical to assume that prudent counsel will combine their forces and apportion the workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned. *See In re Nissan Motor Corporation Antitrust Litigation,* 385 F.Supp. 1253, 1255 (J.P.M.L.1974).

We conclude that the Southern District of New York is the most appropriate transferee forum for this litigation. We note that: 1) the first-filed and most advanced actions are pending there; 2) many of the parties, potential witnesses and relevant documents are located in the Southern District of New York (where defendant broker dealer firms have their principal offices and headquarters); 3) plaintiffs in 23 of the 40 actions (including plaintiffs in ten actions who reside outside New York) have brought their actions in the Southern District of New York; 4) counsel in the New York actions have established an informal coordinating group; and 5) defendant broker dealer firms, the Arkansas and Indiana insurance commissioners, and many plaintiffs have retained New York counsel.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A and pending outside the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Charles L. Brieant for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.[2]

## SCHEDULE A

### Southern District of Florida

*Irving Cohen v. E.F. Hutton & Co.,* C.A. No. 83–3091

---

**2.** At the request of the Honorable Joseph L. McGlynn, Jr., and the Honorable Marilyn H. Patel, our decisions regarding transfer under Section 1407 of *Golub v. Merrill Lynch,* E.D.Pa.,

### Northern District of Illinois

*Lewis Levin, et al. v. Prudential-Bache Securities Inc.,* C.A. No. 83C8566

*Steven Domeny, et al. v. E.F. Hutton & Co., Inc.,* C.A. No. 83C7033

*Leonard Brenner v. E.F. Hutton & Co., Inc.,* C.A. No. 83C7421

*Lillie Lavin v. Merrill Lynch Life Agency, Inc., et al.,* C.A. No. 83C7533

*David Morris, et al. v. Thomson McKinnon Securities, Inc.,* C.A. No. 83C7257

*Sam Gesualdo, et al. v. E.F. Hutton & Co., Inc.,* C.A. No. 83C8562

*Steven H. Grossman, et al. v. E.F. Hutton & Co., Inc.,* C.A. No. 83C8569

*Robert M. Goodwin, M.D., et al. v. A.G. Edwards & Sons, Inc.,* C.A. No. 83C7258

### District of Maine

*David H. Wellman, et al. v. E.F. Hutton & Co., Inc.,* C.A. No. 83–0388

### District of Minnesota

*Kenneth Tomnitz v. Merrill Lynch & Co., Inc., et al.,* C.A. No. 4–83–1027

### District of New Hampshire

*Dennis P. Attalla v. E.F. Hutton & Co., Inc.,* C.A. No. 83–776

### Western District of Pennsylvania

*Sylvia Michaels v. Prudential-Bache Securities, Inc.,* C.A. No. 83–2445

*Jerome W. Eichelsbacher v. Shearson/American Express, Inc.,* C.A. No. 83–2600

*Joseph and Elizabeth Chupko, et al. v. Paine Webber Jackson & Curtis, Inc.,* C.A. No. 83–2446

### Eastern District of Tennessee

*Lyle A. Graves, et al. v. Merrill Lynch & Co., Inc., et al.,* C.A. No. 83–570

---

C.A. No. 83–4123, and *Shay v. Merrill Lynch,* N.D.Cal., C.A. No. 83–5894–MHP, respectively, are deferred until further notice.

_Lloyd R. Greenwood, et al. v. Merrill Lynch & Co., Inc., et al.,_ C.A. No. 83–593

### Southern District of New York

_Robert R. Moore v. E.F. Hutton Group Inc., et al.,_ C.A. No. 83 Civ. 7197

_Richard Meyers, et al. v. E.F. Hutton Co., Inc.,_ C.A. No. 83 Civ. 8085

_Charles B. Scarborough, et al. v. E.F. Hutton & Co., Inc.,_ C.A. No. 83 Civ. 7628

_Harry Factor v. Merrill Lynch & Co., Inc., et al.,_ C.A. No. 83 Civ. 7009

_John F. Terrill v. Merrill Lynch & Co., Inc., et al.,_ C.A. No. 83 Civ. 7063

_Douglas M. Mann v. Merrill Lynch & Co., Inc., et al.,_ C.A. No. 83 Civ. 7233

_Willa June Morgan v. Merrill Lynch & Co., Inc., et al.,_ C.A. No. 83 Civ. 7092

_Martin A. Burton v. Merrill Lynch & Co., Inc., et al.,_ C.A. No. 83 Civ. 7081

_Frederick J. Oberst v. Merrill Lynch & Co., Inc., et al.,_ C.A. No. 83 Civ. 7360

_Jean and Louis Blumberg v. Prudential Bache Securities, Inc.,_ C.A. No. 83 Civ. 7358

_Jean Maier v. Prudential-Bache Investment, Inc.,_ C.A. No. 83 Civ. 7642

_Bernice V. Abrams v. Thomson McKinnon Securities Inc.,_ C.A. No. 83 Civ. 7359

_Nils Ostin, et al. v. Oppenheimer & Co., Inc., et al.,_ C.A. No. 83 Civ. 7568

_Revella Price v. Merrill Lynch & Co., Inc., et al.,_ C.A. No. 83 Civ. 8565

_Florence Silver v. Merrill Lynch & Co., et al.,_ C.A. No. 83 Civ. 8866

_Harry Olson v. Thomson McKinnon Securities, Inc.,_ C.A. No. 83 Civ. 8867

_Sonia Sokoloff v. Janney Montgomery Scott Inc., et al.,_ C.A. No. 83 Civ. 8084

_Richard J. and Patricia A. Boyle v. Prudential-Bache Securities, Inc.,_ C.A. No. 83 Civ. 8688

_Hambleton Shepperd v. Smith Barney Harris Upham, Inc., et al.,_ C.A. No. 83 Civ. 8474

_Vincent Erti v. Paine, Webber, Jackson & Curtis, Inc.,_ C.A. No. 83 Civ. 9085

_Thomas G. Phillips, III v. Kidder, Peabody & Co., Inc., et al.,_ C.A. No. 83 Civ. 8475

_Alfred Linton v. Shearson/American Express, Inc.,_ C.A. No. 83 Civ. 8476

_Philip Rhodes, Jr., et al. v. E.F. Hutton Group, Inc., et al.,_ C.A. No. 83 Civ. 9001