## In re INTER–OP HIP PROSTHESIS PRODUCTS LIABILITY LITIGATION

### MDL No. 1401.

Judicial Panel on Multidistrict Litigation.

June 19, 2001.

Before WM. TERRELL HODGES, Chairman, LOUIS C. BECHTLE, JOHN F. KEENAN, MOREY L. SEAR,[*] BRUCE M. SELYA, JULIA SMITH GIBBONS, and D. LOWELL JENSEN, Judges of the Panel.

### TRANSFER ORDER

WILLIAM TERRELL HODGES, Chairman.

Before the Panel are three motions, pursuant to 28 U.S.C. § 1407, collectively seeking centralization at this time of the 30 actions listed on the attached Schedule A and pending in thirteen districts as follows: eleven actions in the Central District of California; four actions in the Northern District of Ohio; two actions each in the Northern District of California, the Southern District of Florida, the Eastern District of Michigan, and the Eastern District of New York; and one action each in the Northern District of Illinois, the Eastern District of Louisiana, the District of Maryland, the District of Minnesota, the District of New Jersey, the Southern District of Ohio, and the District of South Carolina.[1] The Section 1407 transfer motions are brought by i) plaintiffs in two of the constituent Northern District of Ohio actions, who each separately seek centralization in the Northern District of Ohio, and ii) plaintiff in one of the constituent North-

ern District of California actions, who seeks centralization in the Central or Northern District of California. Common defendant Sulzer Orthopedics, Inc. (Sulzer) originally opposed centralization but it no longer argued that position at the Panel's MDL–1401 oral argument. Instead it urged centralization in the Central District of California. The only remaining opposition to centralization comes from the plaintiffs in i) one of the constituent Southern District of Florida actions, ii) the District of South Carolina action, and iii) seven District of South Carolina potential tag-along actions. Plaintiffs in sixteen of the actions subject to one or more motions, along with plaintiffs in numerous potential tag-along actions, support transfer. As a result of these responses, additional suggested transferee districts have included the Southern District of Florida, the Northern and Southern Districts of Illinois, the Eastern District of Louisiana, the Eastern District of New York, and the Southern District of Texas. Lastly, in the event the Panel orders centralization over the objections of the District of South Carolina plaintiffs, then they favor selection of the District of South Carolina as transferee forum.

On the basis of the papers filed and the oral argument held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and effi-

[*] Judge Sear took no part in the decision of this matter.

1. Three additional actions pending in the Western District of Texas and the Eastern District of Virginia were included in one or more of the Section 1407 motions. These actions, *John John Fay v. Sulzer Orthopedics, Inc.*, W.D. Texas, C.A. No. 1:01–66, *Robert Schinauer v. Sulzer Orthopedics, Inc.*, W.D. Texas, C.A. No. 1:01–90, and *Gary O'Dell v. Sulzer Medica USA, Inc.*, E.D. Virginia, C.A.

No. 2:01–128, have since been dismissed or remanded to state court and, accordingly, the question of transfer with respect to them is moot. Additionally, the Panel has been notified of more than 60 potentially related actions now pending in federal district courts. In light of the Panel's disposition of this docket, these additional actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

cient conduct of the litigation. The centralized actions are all brought by persons who allegedly received defective hip implants (Inter–Op shells) [2] that were manufactured and distributed by common defendant Sulzer. The actions thus present complex common questions of fact concerning, inter alia, i) the development, testing, manufacturing and marketing of the Sulzer products, and ii) defendant's knowledge concerning the possible adverse effects associated with use of the Sulzer shells. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of privilege issues, confidentiality issues and class certification), and conserve the resources of the parties, their counsel and the judiciary.

Some of the few plaintiffs to oppose transfer premise their objections, in part, on the grounds that other actions involve issues (such as class certification) that are not present in theirs, and that transfer would be inconvenient or economically burdensome. We note that Section 1407 does not require a complete identity or even majority of common factual and legal issues as a prerequisite to centralization. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L.1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We observe that since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.,* Fed. R.Civ.P. 45(c). Furthermore, the judicious use of liaison counsel, lead counsel and committees of counsel will eliminate the need for most counsel ever to travel to the transferee district. *See Manual for Complex Litigation, Third,* § 20.22 (1995). And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned. *See In re Nissan Motor Corporation Antitrust Litigation,* 385 F.Supp. 1253, 1255 (J.P.M.L.1974).

Given the range of locations of parties and witnesses in this docket, the geographic dispersal of current and anticipated constituent actions, and the wide array already of suggested transferee districts, it is clear that any one of a large number of districts would qualify as an appropriate transferee forum for this litigation nationwide in scope. In concluding that the Northern District of Ohio is the appropriate forum for this docket, we note that the Ohio district is an accessible, geographically central metropolitan district that i) is not currently taxed with other multidistrict dockets, and ii) enjoys general caseload conditions permitting the Panel to effect the Section 1407 assignment to a court

---

**2.** Sulzer explains that a human hip joint consists of two parts: 1) a cup-shaped socket that is part of the pelvic bone, and 2) a ball at the top of the thigh bone that fits into and rotates within the socket. When a patient undergoes total hip replacement, a surgeon inserts a metal cup into the pelvic socket (the "acetabulum") and a ball-ended stem into the thigh. When the ball is fitted securely into the cup (or "acetabular shell"), the result is an artificial joint similar to the one that it has replaced.

with the present resources to devote the substantial time to pretrial matters that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Northern District of Ohio are hereby transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Kathleen McDonald O'Malley for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### ATTACHMENT

### SCHEDULE A

*MDL–1401—In re Inter–Op Hip Prosthesis Products Liability Litigation*

#### Central District of California

*Jyl Starkman v. Sulzer Medica, Ltd., et al.,* C.A. No. 2:01–20

*Steve Alvernaz v. Sulzer Medica, et al.,* C.A. No. 2:01–1522

*Sara Carlyle v. Sulzer Medica, et al.,* C.A. No. 2:01–1524

*Sam Rackham v. Sulzer Medica, et al.,* C.A. No. 2:01–1525

*Churchill Campbell v. Sulzer Medica, et al.,* C.A. No. 2:01–1526

*Robert T. Schowe v. Sulzer Medica, et al.,* C.A. No. 2:01–1527

*Marjorie Peterson v. Sulzer Medica, et al.,* C.A. No. 2:01–1528

*Richard Coulter v. Sulzer Orthopedics, Inc., et al.,* C.A. No. 2:01–1591

*Dennis Benson v. Sulzer Medica, et al.,* C.A. No. 2:01–2775

*Leroy Krauss v. Sulzer Medica, et al.,* C.A. No. 2:01–2776

*Gretel Quick v. Sulzer Orthopedics, Inc., et al.,* C.A. No. 2:01–2846

#### Northern District of California

*James Ferguson v. Sulzer Medica, Inc., et al.,* C.A. No. 3:01–660

*M. Bruno Pardini, et al. v. Sulzer Orthopedics, Inc., et al.,* C.A. No. 3:01–696

#### Southern District of Florida

*Judith Connell v. Sulzer Medica, et al.,* C.A. No. 0:01–6222

*Madeline Faircloth v. Sulzer Medica, et al.,* C.A. No. 0:01–6269

#### Northern District of Illinois

*Jean Casey v. Sulzer Medica, Ltd., et al.,* C.A. No. 1:01–403

#### Eastern District of Louisiana

*Mark Rachel, et al. v. Sulzer Orthopedics, Inc.,* C.A. No. 2:01–370

#### District of Maryland

*Susan Berey v. Sulzer Medica, Ltd., et al.,* C.A. No. 8:01–431

#### Eastern District of Michigan

*Richard Asher, et al. v. Sulzer Orthopedics, Inc., et al.,* C.A. No. 2:01–70502

*David Littlefield v. Sulzer Orthopedics, Inc., et al.,* C.A. No. 2:01–70623

#### District of Minnesota

*Donald R. Leeper v. Sulzer Orthopedics, Inc.,* C.A. No. 0:01–250

#### District of New Jersey

*Camille Cantatore, et al. v. Sulzer Orthopedics, Inc., et al.,* C.A. No. 2:01–634

#### Eastern District of New York

*Nicholas Carillo v. Sulzer Medica, Ltd., et al.,* C.A. No. 1:01–436

*Anthony Graves v. Sulzer Orthopedics, Inc.,* C.A. No. 1:01–688

*Northern District of Ohio*

*Thomas L. Pudelski, et al. v. Sulzer Medica, Ltd., et al.,* C.A. No. 1:01–243

*Karen Robinson v. Sulzer Orthopedics, Inc., et al.,* C.A. No. 1:01–272

*Diana Miglets, et al. v. Sulzer Medica, Ltd., et al.,* C.A. No. 1:01–287

*Jean Kaminsky, et al. v. Sulzer Orthopedics, Inc., et al.,* C.A. No. 1:01–352

*Southern District of Ohio*

*John R. Sferro, Jr., et al. v. Sulzer Medica, et al.,* C.A. No. 3:01–76

*District of South Carolina*

*Frances Peeples v. Sulzer Orthopedics, Inc., et al.,* C.A. No. 3:01–241