**In re CYGNUS TELECOMMUNICA-
TIONS TECHNOLOGY, LLC,
Patent Litigation**

**No. 1423.**

Judicial Panel on Multidistrict Litigation.

Nov. 9, 2001.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

### TRANSFER ORDER

HODGES, Chairman.

After the filing of an amended motion by moving plaintiff Cygnus Telecommunications Technology, LLC (Cygnus), this litigation currently consists of the five actions listed on the attached Schedule A and pending in four districts as follows: two actions in the Central District of California, and one action each in the Northern District of California, the Northern District of Illinois, and the Western District of Washington.[1] Cygnus, the actions' sole plaintiff, moves the Panel, pursuant to 28

---

1. Subsequent to the filing of its amended motion, Cygnus has notified the Panel of six additional potentially related actions that Cygnus has brought in five additional districts (the District of Arizona, the District of Colorado, the Middle and Southern Districts of Flor-ida, and the Northern District of Georgia). In light of the Panel's disposition of this docket, these additional actions will be treated as potential tag-along actions in accordance with the Panel's Rules. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

U.S.C. § 1407, for centralization of the actions in the Northern District of California. Responses in opposition to transfer have been filed by i) the two active defendants in the Northern District of Illinois action, Worldport Communications, Inc., and Intercontinental Exchange, Inc.; ii) the two defendants in the Western District of Washington action, International Telecom, Ltd., and Kallback, Inc.; and iii) the defendant in one of the Central District of California actions, Cognigen Networks, Inc.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. At issue in each of the actions is the same complex patent, U.S. Patent No. 5,883,964 (the '964 patent), which claims a method and system for routing international phone calls through a call-back mechanism, with the aim of reducing international long distance phone bills. The defendants are all providers of call-back services that allegedly infringe upon the '964 patent. In each action Cygnus seeks damages and injunctive relief. All actions can thus be expected to share factual and legal questions concerning such matters as patent validity, prior art, obviousness and interpretation of the claims of the patent. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Opposing defendants have argued, inter alia, that Section 1407 transfer should be denied because i) the actions present unique issues relating to infringement and damages; ii) most of the relevant discovery on validity and prior art has already been conducted in earlier patent infringement actions involving the '964 patent, and such discovery can be made available to the current MDL–1423 parties without the necessity of Section 1407 transfer; and/or iii) transfer would be unduly burdensome. We are not persuaded by these contentions. We point out that transfer under Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to transfer. And while we applaud every cooperative effort undertaken by parties to any litigation, we observe that transfer under Section 1407 has the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that has already occurred or is occurring in other actions. We note that since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.,* Fed.R.Civ.P. 45(c). Furthermore, the judicious use of liaison counsel and lead counsel will eliminate the need for most counsel ever to travel to the transferee district. *See Manual for Complex Litigation, Third,* § 20.22 (1995). And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned. *See In re Nissan Motor Corporation Antitrust Litigation,* 385 F.Supp. 1253, 1255 (Jud.Pan.Mult.Lit.1974).

■ Responding defendants in the Northern District of Illinois action (*Worldport*), which has been pending since May 1999, also urge that transfer of *Worldport* should be denied because movant Cygnus

is abusing Section 1407. They argue that Cygnus is improperly attempting to relitigate the earlier decision of the Northern District of California court that effected transfer of *Worldport* (originally filed in the California district) to the Northern District of Illinois pursuant to 28 U.S.C. § 1404. The Section 1404 decision does not now preclude Section 1407 transfer, however, because the considerations affecting transfer under Section 1404, which is for trial as well as pretrial purposes, are not the same as those affecting transfer under Section 1407, which is for pretrial purposes only. Additionally, we note that the Section 1404 transfer decision was made at a time when this litigation was in an entirely different posture—actions involving the same patent were not then pending in nine different districts (as they are now, including the potential tag-along actions referred to in note 1, *supra* ). We thus are persuaded that a Section 1407 transfer including *Worldport* is the preferable course, thereby permitting a single court to make appropriate decisions regarding the impact of *Worldport* on pretrial proceedings in the more recently filed actions, while still allowing remaining discovery in *Worldport* to be expeditiously concluded. It may well be that *Worldport* will be ready for trial in advance of the other MDL–1423 actions. If such is the case, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436–38.

We are persuaded that the Northern District of California is the appropriate transferee forum for this litigation. We note that the judge assigned the Northern District of California action has already developed a familiarity with the complex issues in this particular docket as a result of i) his previous assignment to *Worldport* when it was pending in the California dis-

trict, and ii) his assignment to other lengthy, now completed litigation involving the same MDL–1423 plaintiff and '964 patent.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Ronald M. Whyte for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

## SCHEDULE A

*MDL–1423—In re Cygnus Telecommunications Technology, LLC, Patent Litigation*

*Central District of California*

Cygnus Telecommunications Technology, LLC v. Cognigen Networks, Inc., C.A. No. 2:01–5943

Cygnus Telecommunications Technology, LLC v. Dial–Thru International, C.A. No. 2:01–6052

*Northern District of California*

Cygnus Telecommunications Technology, LLC v. TotalAxcess.com, Inc., C.A. No. 5:01–20565

*Northern District of Illinois*

Cygnus Telecommunications Technology, LLC v. WorldPort Communications, Inc., et al., C.A. No. 1:01–4251

*Western District of Washington*

Cygnus Telecommunications Technology, LLC v. International Telecom, Ltd., et al., C.A. No. 2:01–1158