**In re MLR, LLC, PATENT LITIGATION**

**Handspring, Inc. v. MLR, LLC, N.D. California, C.A. No. 4:03–325.**

**MLR, LLC v. U.S. Robotics Corp., et al., N.D. Illinois, C.A. No. 1:02–2898.**

**NOKIA, Inc., et al. v. MLR, LLC, N.D.**

Texas, C.A. No. 3:02–2898.

**No. 1525.**

Judicial Panel on Multidistrict Litigation.

July 1, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

**TRANSFER ORDER**

WM. TERRELL HODGES, Chairman.

This litigation currently consists of three actions pending, respectively, in the Northern District of California, the Northern District of Illinois, and the Northern District of Texas.[1]  MLR, LLC, which is the

---

1. The motion before the Panel as originally filed pertained to an additional action pending in the Southern District of California, *Kyocera Wireless Corp. v. MLR, LLC,* C.A. No.
3:02–527.  That action was dismissed on March 20, 2003, and, accordingly, the question of Section 1407 transfer with respect to the action is moot.

plaintiff in the Illinois action and the defendant in the California and Texas actions, moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of Illinois. Two of the Illinois action defendants, Telefonaktiebolaget LM Ericsson and Sony Ericsson Mobile Communications AB, do not oppose centralization in the Illinois district. Opposed to transfer are i) Handspring, Inc., which is the plaintiff in the California action and a defendant in the Illinois action; and ii) Texas action plaintiffs Nokia, Inc., and Nokia Corp. (Nokia Corp. is also a defendant in the Illinois action). Handspring, Inc., alternatively supports selection of the Northern District of California as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. At issue in all actions are complex patents relating to data transmission over cellular networks and multi-network and multi-frequency capable cellular phone and/or modem products. All actions can thus be expected to share factual and legal questions concerning such matters as patent validity, prior art, obviousness and interpretation of various claims of the patents. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Opposing parties have argued, inter alia, that Section 1407 transfer should be denied because i) the actions present unique issues relating to infringement and damages; ii) the actions are at different stages of pretrial proceedings; iii) given the limited number of actions in this docket, it would be preferable to address any common matters through alternatives to Section 1407 transfer; and/or iv) transfer would be unduly burdensome. We are not persuaded by these contentions. We point out that transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. While we applaud voluntary efforts to cooperate and coordinate among parties, counsel and courts, we observe that transfer under Section 1407 has the benefit of placing all actions in this docket before a single transferee judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that has already occurred or is occurring in other actions. Moreover, transfer under Section 1407 has the additional streamlining effect of fostering a pretrial program that: i) allows discovery with respect to any non-common issues to proceed concurrently with remaining discovery on common issues, *In re Smith Patent Litigation,* 407 F.Supp. 1403, 1404 (Jud.Pan.Mult.Lit.1976); and ii) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We also note that since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.,* Fed.R.Civ.P. 45(c). And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned. *See In re Nissan Motor Corporation Antitrust Litigation,* 385 F.Supp. 1253, 1255 (Jud.Pan.Mult.Lit.1974).

We are persuaded that the Northern District of Illinois is an appropriate transferee forum for this litigation. We note that i) the judge assigned the Illinois action has already spent substantial time and resources in familiarizing herself with the complex technology and other issues pertaining to the patents at issue; and ii) the Illinois forum is a central and easily accessible location for all parties.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Amy J. St. Eve for coordinated or consolidated pretrial proceedings with the action pending in that district.